PER CURIAM:
Petitioner Stake Center Locating, Inc., a victim of defendant Deborah DiFrancesco’s (“DiFrancesco”) crimes, petitions for a writ of mandamus pursuant to 18 U.S.C. § 3771, the Crime Victims Rights Act (“CVRA”). Because we find that the petition for a writ of mandamus is premature, we deny the petition.
DiFrancesco was charged with one count of income tax evasion in violation of 26 U.S.C. § 7201 and three counts of wire fraud in violation of 18 U.S.C. § 1343. On May 29, 2013, pursuant to a plea agreement, DiFrancesco pled guilty to all charges. In her plea agreement, DiFrancesco agreed to pay petitioner restitution in the amount of $763,846.34. DiFrancesco’s sentencing hearing is scheduled for September 4, 2013.
Prior to DiFrancesco’s May 29, 2013 plea hearing, petitioner filed a motion in the district court for relief pursuant to the CVRA and the Mandatory Victim Restitution Act (“MVRA”). In addition to requesting that the district court reject the plea agreement, petitioner requested mandatory forfeiture of certain assets implieat *1090 ed in DiFrancesco’s criminal activities, which are no longer in DiFrancesco’s possession. The district court denied petitioner’s motion without prejudice. Petitioner challenges this denial.
In reviewing CVRA mandamus petitions, we are not required to balance the factors outlined in Bauman v. United States Dist. Court, 557 F.2d 650 (9th Cir.1977). Rather, this court “must issue the writ whenever we find that the district court’s order reflects an abuse of discretion or legal error.” See Kenna v. United States Dist. Court, 435 F.3d 1011, 1017 (9th Cir.2006).
Petitioner’s request for restitution is not yet ripe. Victims are provided a right to “full and timely restitution as provided in law” pursuant to the CVRA. 18 U.S.C. § 3771(a)(6). The MVRA provides for restitution “when sentencing a defendant.” 18 U.S.C. § 3663A(a)(l); see also § 3663A(e)(l) (“This section shall apply in all sentencing proceedings.... ”). The right to “full and timely restitution” attaches at the defendant’s sentencing hearing, where the district court may order restitution after considering the presentence report and other documentation or testimony. See 18 U.S.C. § 3664. Because DiFrancesco’s sentencing is still pending, petitioner is not currently entitled to restitution. Moreover, the district court has invited petitioner to renew its request for restitution in connection with DiFraneeseo’s sentencing hearing. See May 29, 2013 Transcript at 24.
Because petitioner’s claim is unripe, we decline to consider the merits of petitioner’s claims to restitution. Accordingly, the petition for a writ of mandamus is denied.
DENIED.