**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| IN RE: STAKE CENTER LOCATING, INC., Crime Victim. | No. 13-73267 |
| | D.C. No. 2:13-cr-00089-JCM-GWF-1 |
| STAKE CENTER LOCATING, INC., *Petitioner*, | |
| v. | OPINION |
| UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA, LAS VEGAS, *Respondent*, | |
| DEBORAH A. DIFRANCESCO, *Defendant-Real Party in Interest*, | |
| UNITED STATES OF AMERICA, *Plaintiff-Real Party in Interest*. | |

Petition for Writ of Mandamus to the
United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted September 20, 2013[*]

Filed September 26, 2013

Before:  A. Wallace Tashima, Milan D. Smith, Jr.,
and Sandra S. Ikuta, Circuit Judges.

Per Curiam Opinion

---

## SUMMARY[**]

---

### Criminal Law

A motions panel issued a per curiam opinion denying a crime victim's petition for a writ of mandamus seeking reversal of the district court's denial of the victim's motion for forfeiture under the Crime Victims' Rights Act.

The panel explained that the Crime Victims' Rights Act and the Mandatory Victim Restitution Act give victims a right to restitution, not a right to criminal forfeiture.  The panel also explained that the Crime Victims' Rights Act expressly does not impair the government's broad discretion to seek forfeiture of assets implicated in an offender's wire fraud.

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Kenneth P. Childs, Stake Center Locating, Inc., Salt Lake City, Utah, for Petitioner.

Elizabeth Olson White, Appellate Chief and Assistant United States Attorney, District of Nevada, Reno, Nevada, for Plaintiff-Real Party in Interest.

Mark B. Bailus, Bailus Cook & Kelesis, Ltd., Las Vegas, Nevada, for Defendant-Real Party in Interest.

**OPINION**

PER CURIAM:

Petitioner Stake Center Locating, Inc. ("Stake Center") petitions for a writ of mandamus reversing the district court's denial of its motion for forfeiture under 18 U.S.C. § 3771, the Crime Victims' Rights Act ("CVRA").[1]

In the underlying criminal action, Deborah DiFrancesco, a former employee of Stake Center, was charged with crimes stemming from her embezzlement of funds from Stake Center and other victims, and pleaded guilty to one count of tax evasion and three counts of wire fraud. Pursuant to her plea agreement, DiFrancesco agreed to make restitution to Stake

---

[1] Stake Center previously petitioned this court for mandamus, and we denied this petition as premature. *See Stake Ctr. Locating, Inc. v. U.S. Dist. Court (In re Stake Ctr. Locating, Inc.)*, 717 F.3d 1089, 1090 (9th Cir. 2013) (per curiam). The district court has now completed sentencing DiFrancesco, and Stake Center's renewed petition is properly before us.

Center in the amount of $763,846. Stake Center moved the district court to compel the government to institute criminal forfeiture proceedings and to obtain property allegedly traceable to DiFrancesco's crimes and thus subject to forfeiture from third parties. The district court denied this motion.

We have jurisdiction under 18 U.S.C. § 3771(d)(3). In reviewing a CVRA mandamus petition, we need not balance the usual factors under *Bauman v. United States District Court*, 557 F.2d 650, 654–55 (9th Cir. 1977), but rather "must issue the writ whenever we find that the district court's order reflects an abuse of discretion or legal error." *Kenna v. U.S. Dist. Court*, 435 F.3d 1011, 1017 (9th Cir. 2006).

Here, the district court did not abuse its discretion or commit a legal error in denying Stake Center's motion for forfeiture.   First, the CVRA and Mandatory Victim Restitution Act ("MVRA") give victims a right to restitution, not a right to criminal forfeiture. The CVRA provides that a crime victim has the "right to full and timely restitution as provided in law." 18 U.S.C. § 3771(a)(6). The Mandatory Victim Restitution Act ("MVRA") requires that a "defendant make restitution to the victim" of certain offenses. 18 U.S.C. § 3663A(a)(1).   Criminal forfeiture is not, as petitioner contends, a type of restitution; "[c]riminal forfeiture is . . . separate from restitution, which serves an entirely different purpose." *United States v. Newman*, 659 F.3d 1235, 1241 (9th Cir. 2011). Among other differences between restitution and forfeiture, only the criminal defendant is subject to restitution, not third parties. *See* 18 U.S.C. § 3663A(a)(1), (b)(1) (requiring that "defendant make restitution" and "defendant" return property).

Nor did the district court err in declining to order the U.S. Attorneys' Office to commence criminal forfeiture proceedings against the Internal Revenue Service and other non-parties alleged to possess assets implicated in DiFrancesco's criminal activities. Contrary to Stake Center's argument, forfeiture is mandatory for wire fraud only if the government exercises its discretion to seek such forfeiture. *See* 28 U.S.C. § 2461(c); Fed. R. Crim. P. 32.2(a); *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1144 (9th Cir. 2011) (describing procedure for forfeiture). "[T]he Government retains broad discretion as to whom to prosecute." *Wayte v. United States*, 470 U.S. 598, 607 (1985) (quotation omitted). The CVRA expressly does not impair that broad discretion. *See* 18 U.S.C. § 3771(d)(6) ("Nothing in this chapter shall be construed to impair the prosecutorial discretion of the Attorney General or any officer under his direction.").**[2]**

Accordingly, Stake Center's petition for writ of mandamus is denied.

**DENIED**.

---

**[2]** Because we decide this issue on these grounds, we do not reach the other arguments advanced by the government why forfeiture proceedings cannot be commenced in this case.